## COMMON PLEAS

No. 998

### STATE v. WEIBLE

Common Pleas, Summit Co.

Decided October, 1925

583. GRAND JURY—A challenge lies to a special grand jury panel in a county where it has been the custom to retain the regular grand jury to the end of the term for which they were impaneled, and where the special grand jury was not called in accordance with the laws governing such calling.

PARDEE, J.

The subject constituting this hearing was the challenge to the array of the grand jury, so called, which brought an indictment against Asa Weible and others, who contended that because of the wrong method employed in selecting, drawing and summoning the said jury, it was not composed of the requisite number of good, lawful and true jurors.

A transcript of the proceedings shows that the regular grand jury for the January term was discharged on Feb. 16, 1925, "There being no further business to be brought before it", and that on the same day a new grand jury was ordered to be summoned, "It having been found necessary to call a new grand jury." The testimony shows that the reasons given by the Prosecuting Attorney for calling the new jury was that he desired persons on the jury having some peculiar fitness to go into the road case matters which were to come up for consideration; that half of the regular grand jury was composed of women who had no experience in construction matters, and were not capable to handle a subject matter of such nature; that some of the members of the regular grand judy were identified with democratic politics which accounted for their refusal to render indictments in certain construction cases upon which the Prosecutor thought indictments should have been returned. The Prosecutor's testimony, however, did not disclose any legal impediment to the qualifications of the regular grand jury. The Court of Common Pleas held:

1. In pursuance of the Ohio Constitution, Art. I, the legislature in 11423 to 11426 GC. provides for the formation of a jury and 13560 and 13568 GC. provides that a special grand jury is to be called by the Governor or General Assembly, on written request of the Attorney General, or, when necessary, by the Court.

2. It appears that the special grand jury in question was called under the latter provision.

3. It is the duty of the regular grand jury to investigate certain crimes committed in this county. The matters that were to be brought before the special grand jury were known to the Prosecutor for a long time. The record does not show that the men constituting the grand jury were called by the sheriff from bystanders and neighboring citizens as provided in 13568 GC.

4. Therefore, in so far as the record shows, there was no grand jury.

5. The laws pertaining to the jury system were enacted to conserve the fundamental law of the Federal and the Ohio Constitutions, and that no one shall be put on trial for an infamous crime until he has first been indicted by a grand jury of the county in which the crime has been committed. It is therefore important that in the selection of the grand jury, the provisions of the laws pertaining thereto should be followed.

Challenge sustained.